IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PATRICK ALBERT BYERS, JR.,**

**Petitioner,**

**v.**

**DAN SPROUL,**

**Respondent.**

**Case No. 20-CV-00636-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Patrick Albert Byers Jr., an inmate of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the United States Penitentiary – Marion, Illinois ("Marion") brings this habeas corpus action pursuant to 28 U.S.C. § 2241.

Having reviewed the briefing, for the reasons set forth below, Byers' Petition (Doc. 1) is **DISMISSED**.

## BACKGROUND

Byers challenged the validity of his conviction and sentence as imposed. He alleged that he was wrongfully convicted under 18 U.S.C. § 922(g)(1). (Doc. 1, p. 2). Prior to these challenges, Byers did not appeal his conviction, file a grievance, or seek an administrative remedy. (*Id.*). On August 7, 2012, Byers filed a motion under 28 U.S.C. § 2255 in the United States District Court for the District of Maryland in which he alleged ineffective assistance of counsel. (*Id.* at 4). The motion was denied on September 16, 2015. Byers additionally filed a motion in the United States Court of Appeals for the Fourth Circuit seeking relief under 28 U.S.C. § 2244(b)(3)(A), which

was denied. (*Id.*). Byers stated in his petition that he was barred from filing a § 2255 and that 28 U.S.C. § 2241 was the proper vehicle for actual innocence claims under § 922(g)(1). (*Id.*).

## ANALYSIS

"To collaterally attack a conviction or sentence, a federal prisoner files a motion to vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022). A prisoner can only file another § 2255 motion if the second or successive motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder could have found the movant guilty of the offense; or contains (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Supreme Court statutory interpretation decisions are outside the ambit of § 2255(h). *Hogsett v. Lillard*, --- F.4th ----, 2023 WL 4394081 (7th Cir. July 7, 2023).

Byers filed a previous § 2255 motion in August 2012. (Doc. 1, p. 4). In the instant motion, Byers' claim of actual and factual innocence does not meet the first prong of § 2255(h)(1). Byers alleged that the Government relied on Defendant's alleles being present on the firearm and that alleles are a scientific myth and therefore cannot support a conviction[1]. (Doc. 1, p. 14). However, beyond his allegation, Byers

---

[1] Allele is defined as one of two or more versions of genetic sequence at a particular region on a chromosome. *Definition of allele*, National Cancer Institute Dictionary of Genetics Terms, https://www.cancer.gov/publications/dictionaries/genetics-dictionary/def/allele (last visited July 18, 2023).

did not support his claim. Thus, because Byers has presented no evidence to support his claims, he has not established by clear and convincing evidence that no reasonable jury could have found him guilty.

Further, Byers relied on *Rehaif v. United States*, a Supreme Court statutory interpretation decision, which held in pertinent part that to be convicted for a § 922(g)(1) violation, an individual must know not only that he possessed a firearm, but also that he had the relevant status when he possessed the firearm. *Rehaif v. United States*, 139 S.Ct. 2191, 2195-96 (2019). As *Rehaif* is a statutory interpretation decision, Byers also failed the second prong of § 2255(h) to file a second § 2255 claim, so he filed a § 2241 habeas petition instead.

The "saving clause" in § 2255(e) states "an application for a writ of habeas corpus in behalf of a [federal] prisoner who previously filed a § 2255 motion shall not be entertained…unless it…appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Hogsett*, --- F.4th ----, 2023 WL 4394081, at *1.

The Supreme Court held that § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent the restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. ----, 2023 WL 4110233, at *5 (June 22, 2023). Instead, the "saving clause" is designed to "cover unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Id.* at *6. If a prisoner cannot satisfy § 2255(h)'s requirements, he cannot then bring his claim

in a habeas petition under the "saving clause." *Id*. at *9. Byers cannot meet the requirements to bring a second or successive § 2255 motion, and *Jones* forecloses the possibility of filing a § 2241 habeas petition via the "saving clause." *Id*. According to *Jones*, when a prisoner is in this position, as is Byers in this case, federal courts lack jurisdiction to consider his habeas petition. *Id*. As a result, this Court does not have jurisdiction.

## CONCLUSION

Therefore, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 18, 2023**

s/ ***Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**